IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAVIER REYES-SEGURA,                )<br>    ID # 55159-177,                     )<br>        Movant,                           )<br>                                              )<br>vs.                                           )<br>                                              )<br>UNITED STATES OF AMERICA,    )<br>        Respondent.                   ) | No. 3:18-CV-1849-N-BH<br>No. 3:16-CR-501-N(1)<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 17, 2018 (doc. 1). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

### I.   BACKGROUND

Javier Reyes-Segura (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-501-N(1). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After initially being charged by indictment with a co-defendant, Movant was charged by superseding information with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One). (*See* docs. 1, 37.)[2] He pled guilty to Count One of the information on May 23, 2017, under a plea agreement. (*See* docs. 38, 50.)

In his plea agreement, Movant stated that he understood and waived his rights to indictment by a grand jury, to plead not guilty, to have a trial by jury, to have his guilt proven beyond a

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-501-N(1).

reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 38 at 1.)[3] He agreed that he understood the nature and elements of the crime to which he was pleading guilty, and that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2.) The plea agreement set out the range of punishment for Count One and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2.) He understood that the Court had sole discretion to impose the sentence. (*See id.* at 2-3.) The guilty plea was freely and voluntarily made, was not the result of force or threats, or of promises apart from those included in the plea agreement, and there were no guarantees or promises from anyone about what his sentence would be. (*See id.* at 5.) He waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.*) In exchange, the Government agreed not to bring any additional charges against Movant based on the conduct underlying and related to his guilty plea, and to dismiss any remaining charges in the pending information, indictment, and superseding indictment after sentencing. (*See id.* at 4.) It also agreed to file a routine supplement to the plea agreement, even though there may or may not be additional terms. (*See id.*) The plea agreement was a complete statement of the parties' agreement and could not be modified except in writing with the

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

signature of both parties. (*See id.* at 6.)

At his re-arraignment on May 23, 2017, Movant, through a Spanish-to-English interpreter placed under oath to translate the proceedings for him, acknowledged under oath that he had carefully discussed the factual resume with counsel, that he had it translated and was comfortable he understood everything in it before he signed, that the facts set out in it were true and correct, and that he committed all of the essential elements of Count One. (*See* doc. 81 at 3, 12-13, 19-20.) He also acknowledged that he carefully reviewed the plea agreement and plea agreement supplement with counsel, that he had the documents translated and was comfortable he understood everything stated in them before he signed, and that he voluntarily and freely entered into them. (*See id.* at 13-14, 17.) He acknowledged that he understood the rights he was giving up by pleading guilty and that he was waiving his right to appeal from or challenge his conviction except to bring a direct appeal of a sentence exceeding the statutory maximum punishment or a math error at sentencing, to challenge the voluntariness of his guilty plea and waiver, and to bring a claim of ineffective assistance of counsel. (*See id.* at 16-17.) He affirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case; he understood that he should not depend or rely on any statement or promise, including that of his counsel, as to the exact sentence he would receive because only the Court could make that decision. (*See id* at 8.) He acknowledged that no one had made any specific prediction or promise about what his sentence would be. (*See id.* at 18.) He acknowledged that by pleading guilty, he was subjecting himself to a maximum period of imprisonment of 20 years. (*See id.* at 18-19.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 19-21.)

On July 24, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines

3

Manual. (*See* doc. 61-1 at ¶ 25.) After applying the applicable drug quantity table under U.S.S.G. § 2d1.1(c)(1), it calculated a base offense level of 38. (*See id.* at ¶ 26.) Based on the specific offense characteristics, 6 total levels were added under U.S.S.G. §§ 2D1.1(b)(1), (b)(5), (b)(12). (*See id.* at ¶¶ 27-29.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 41. (*See id.* at ¶¶ 35-37.) Based on a total offense level of 41 and a criminal history category of I, the resulting guideline range was 324-405 months' imprisonment. (*See id.* at ¶ 66.) Because 240 months was the statutory maximum for the offense, it became the guideline sentence. (*See id.*) Movant did not object to the PSR. (*See* doc. 65.)

At the sentencing hearing on September 18, 2017, Movant's counsel requested a sentence of 180 months' imprisonment, and the Government requested a guidelines sentence. (*See* doc. 86 at 3-4.) When given the opportunity to speak on his behalf, Movant requested forgiveness, acknowledged that his actions were wrong and caused harm, and stated he was there to face the consequences and the Court's will for the offense he committed. (*See id.* at 4.) The Court adopted the contents of the PSR, and in a judgment dated September 26, 2017, sentenced Movant to 234 months' imprisonment on the single count of the information, to be followed by a three-year term of supervised release. (*See id.*; doc. 70 at 1-3.) On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 736 (1967), and the appeal was dismissed as frivolous on June 21, 2018. *United States v. Reyes-Segura*, 728 F. App'x 368 (5th Cir. 2018). Movant did not file a petition for a writ of certiorari with the Supreme Court

**B.      Substantive Claims**

Movant states the following grounds for relief:

(1) Trial counsel was ineffective during the plea negotiation process;

(2) Trial counsel's defective advice to Movant was ineffective assistance of counsel;

4

    (3) Trial counsel's failure to explain and challenge the direct appeal waiver was ineffective assistance of counsel;

    (4) Counsel's failure to apprise/inform Movant of the sentencing guidelines and how they apply to him was ineffective assistance of counsel;

    (5) Movant's unknowing, unintelligent and involuntary guilty plea violated his right to counsel and his right to due process;

    (6) Counsel's failure to apprise and inform Movant of the enhancements was ineffective assistance of counsel;

    (7) Counsel was ineffective for his failure to apprise Movant of the actual consequences of pleading guilty.

(No. 3:18-CV-1849-N-BH, doc. 1 at 4-8; doc. 3 at 9-11.) On September 17, 2018, the Government filed a response. (*See id.*, doc. 7.) Movant filed a reply on October 23, 2018. (*See id.*, doc. 8.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring

[such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses

on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A. **Sentence Exposure**

In his first, second, fourth, and sixth grounds, Movant argues that his counsel was ineffective by assuring him he would be sentenced to 10 years' imprisonment, and failing to inform him about sentence enhancements, the sentencing guidelines, and how the sentencing guidelines applied to him. (*See* No. 3:18-CV-1849-N-BH, doc. 1 at 4-5, 8; doc. 3 at 5-6, 8, 10.) He claims that counsel informed him he would "only be sentenced for the drugs, and that [Movant's] lack of criminal history would play a major role at sentencing," none of which was "true and accurate." (*Id.*, doc. 1 at 5.) He claims that had he known about these deficiencies of counsel, he would not have pleaded guilty and would have instead proceeded to trial. (*See id.*, doc. 1 at 4-5, 8; doc. 3 at 5-6, 8, 10.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel]

> breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted). A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether alleged misrepresentation was actually made).

Assuming for purposes of this motion only that counsel rendered deficient performance as alleged by Movant, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007); *Gray v. United States*, Nos. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *4 (W.D. Tex. July 23, 2019)

8

(finding that the movant could not establish prejudice from his counsel's alleged underestimation of his sentencing exposure where "the Court ensured that Movant understood his maximum possible sentence"); *United States v. Collins*, Nos. 3:06-cr-43-WHB, 3:08-cv-606-WHB, 2009 WL 910842, at *6 (S.D. Miss. Apr. 1, 2009) (finding the movant failed to establish prejudice for counsel's failure to warn him about potential enhancements under the sentencing guidelines where the Court properly advised him of statutory maximum term of imprisonment).

Here, Movant was advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of 20 years. (*See* doc. 38 at 2; doc. 81 at 18-19.) He was also advised though the plea documents and at his re-arraignment that his sentence would be imposed after the Court's consideration of the sentencing guidelines, which were advisory and not mandatory. (*See* doc. 38 at 2.; doc. 81 at 7-8.) He swore in open court that he generally understood the Court's description of the sentencing process, that no promise or assurance had been made to him about what his sentence would be, that he understood he should not depend or rely on any statement or promise, including from his counsel, about his exact sentence, and that he understood only the Court could determine his sentence.[4] (*See* doc. 81 at 7-9, 18.)

---

[4] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of the specific terms of any alleged promise, specifically where and when counsel made the promise that allegedly caused him to plead guilty, or identified any eyewitness to the promise. Nor has he provided any independent indicia of the merit of any alleged promise. Accordingly, to the extent Movant argues that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under § 2255.

Accordingly, regardless of what his counsel told him about his sentence exposure, Movant cannot show prejudice under *Strickland* because his plea documents and responses under oath to the Court's questioning show that he was clearly informed about and understood his sentence exposure when he pled guilty under the plea agreement.[5]  Movant is therefore not entitled to § 2255 relief on these grounds, and they should be denied.

**B.     Explanation of Charges**

In his first ground, Movant argues his counsel was ineffective "during the plea negotiation process for failing to explain the charges to [him]." (No. 3:18-CV-1849-N-BH, doc. 1 at 4; *see also id.*, doc. 4 at 2.)

Aside from generally stating that counsel failed to explain the charges to him and that he did not understand them, Movant does not develop or otherwise address this argument.  He has therefore failed to show deficient performance by counsel.  Even if counsel rendered deficient performance as alleged, Movant has failed to establish prejudice.  At his re-arraignment, Movant swore under oath that he was able to review the charges against him with counsel, that he understood what he was being charged with, and that he understood and committed each of the essential elements of the charged offense.  (*See* doc. 81 at 11-13.)  Additionally, his plea documents show that he was advised about and understood the nature and essential elements of the charged offense.  (*See* doc. 38 at 1-2; doc. 39 at 1.)

Because the record clearly shows that Movant was informed about and understood the

---

[5] Movant contradicts his sworn hearing testimony by alleging that counsel directed him "to answer yes to the Judge at the Change of Plea and Sentencing so that [Movant] could avoid a lengthy sentence." (No. 3:18-CV-1849-N-BH, doc. 4 at 3; *see id.* doc. 8 at 2-3.)  This allegation is belied by the record from his re-arraignment and sentencing hearings, which demonstrate that Movant did not simply answer "yes" in response to the Court's questions, and instead responded "no," or with short statements and explanations when necessary.  (*See* doc. 81 at 3-5, 11, 13, 18-20, 22; doc. 86, 4.)  Because the contemporaneous evidence in the record at the time Movant pleaded guilty negates his *post hoc* allegations contradicting his sworn testimony, he is not entitled to § 2255 relief on this argument. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (affirming denial of § 2255 motion because contemporaneous evidence at re-arraignment hearing negated the movant's *post hoc* allegations).

charges against him, and he has offered no evidence in support of his claim beyond his unsupported contradictions of his contemporaneous, sworn testimony, he is not entitled to § 2255 relief on this claim, and it should be denied.

### C.     Consequences of Guilty Plea

In his first and seventh grounds, Movant argues that counsel was ineffective because he "failed to apprise[ ] [Movant] of the actual consequences and the available options . . . his opportunities at trial, his right to present evidence in his defense, challenge any testimony by the coderfendants [sic], challenge the leadership role, and or other possible enhancements, challenge the government's case and evidence." (No. 3:18-CV-1849-N-BH, doc. 3 at 11.)

Even assuming for purposes of this motion only that counsel's performance was deficient as alleged, Movant has not shown prejudice under *Strickland*.  The record shows that he was apprised in both his plea documents and during his re-arraignment about the constitutional rights he would be giving up if he pleaded guilty.  (*See* doc. 38 at 1-2; doc. 81 at 6-7.)  He swore under oath that he understood the consequences of pleading guilty, he had the plea agreement translated before he signed it, he reviewed and understood the plea agreement, and he understood he would have an opportunity to object to the PSR prior to sentencing.  (*See* doc. 81 at 6-9, 13-14.)  He did not hesitate or express any reservations at his re-arraignment or sentencing hearings regarding the consequences of pleading guilty.  Because the record demonstrates that Movant was apprised of and understood the consequences of pleading guilty prior to entering his guilty plea, he is not entitled to § 2255 relief on this claim, and it should be denied.

### D.     Waiver of Appeal

In his third ground, Movant argues that his counsel was ineffective "for his failure to explain and challenge the direct appeal waiver." (No. 3:18-CV-1849-N-BH, doc. 1 at 7; doc. 3 at

7.) He claims that "had counsel explained [to Movant] the waiver, [he] would [have] negotiated a plea to be allowed to file a direct appeal." (*Id.*, doc. 1 at 7.)

For an appellate waiver to be knowing and voluntary, the defendant must know that he had, and was giving up, the right to appeal his sentence, and the defendant must understand the consequences of the waiver. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

Here, Movant's plea documents and responses under oath to the Court's questioning show that he knew and understood that his guilty plea limited his appellate rights. The waiver provision of the plea agreement explicitly and unambiguously waived his right to directly appeal or collaterally challenge his conviction and sentence except in limited circumstances. (*See* doc. 38 at 5.) In addition, Movant's sworn testimony during his re-arraignment clearly shows that he was informed of and agreed to the waiver. (*See* doc. 81 at 13-14, 16-17.) He affirmed that he carefully reviewed the plea agreement with counsel and had it translated before he signed. (*See id.* at 13-14.) He indicated his desire to waive his appeal rights as limited by the plea agreement and specifically indicated no lack of understanding about the plea agreement. (*See id.* at 14, 16-17.) The totality of the circumstances shows that at the time of the re-arraignment proceedings and the entry of his plea, Movant understood that he was waiving his appeal rights as set forth in the plea agreement. He entered his plea with sufficient knowledge regarding the waiver of his appeal rights, including his right to present claims in a collateral attack under § 2255. He has not shown

that his appeal waiver was involuntary based on alleged ineffective assistance of counsel, and his claim on this ground should therefore be denied.[6]

### IV. INVOLUNTARINESS

In his fifth ground, Movant contends that his guilty plea was unknowing, unintelligent, and involuntary due to ineffective assistance of counsel. (*See* No. 3:18-CV-1849-N-BH, doc. 3 at 9.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and

---

[6] To the extent Movant claims he would have "negotiated a plea to be allowed to file a direct appeal," if counsel had explained the appeal waiver, he has failed to show that the Government was willing to negotiate on this provision. (No. 3:18-CV-1849-N-BH, doc. 1 at 7.) Therefore, he cannot establish prejudice on this basis, and his claim should be denied for this additional reason.

intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without

14

being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Accepting for purposes of this motion only that counsel rendered "erroneous advice, inter alia, by failing to anticipate the 6-levels in and at [Movant's] sentencing," (No. 3:18-CV-1849-N-BH, doc. 3 at 9), "an erroneous estimate by counsel as to the length of sentence" does not necessarily render a guilty plea involuntary. *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981); *see also Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) ("a guilty plea is not rendered involuntary because the defendant's misunderstanding [of the sentence] was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.") (emphasis in original), *overruled on other grounds by Glover v. United States*, 531 U.S. 198 (2001); *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that an attorney's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary."); *accord United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987) ("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary.").

As discussed, Movant's plea documents, the Court's questioning at his re-arraignment hearing, and Movant's responses under oath demonstrate that he knew at the time he pled guilty that he was subject to a maximum sentence of 20 years of imprisonment, and that there were no promises or predictions made to him about the length of the sentence he would receive. (*See* doc. 81 at 8, 18-19.). With this knowledge, Movant still persisted with his guilty plea.

"That movant 'neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel.'" *Lopez v. United States*,

15

Nos. 3:06-CV-2342-N, 3:04-CR-0043-N (01), 2008 WL 3381759, at *6 (N.D. Tex. Aug. 5, 2008) (quoting *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001)). Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the presumption of according great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. As discussed, the plea documents and his sworn statements in open court, including his testimony about the maximum penalties to which he would be exposed, the absence of any promise or guarantee about his sentence, and the exclusive role of the Court in determining his sentence, contradict his claim that his plea was involuntary because he expected to be sentenced to ten years of imprisonment based on his counsel's alleged misrepresentations or miscalculations. *See id.* Movant has not shown that his guilty plea was involuntary or that he was unaware of the consequences of his guilty plea. Nor has he shown a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial in the absence of the alleged deficiencies of counsel.[7]

---

[7] Although Movant claims that his maximum sentence exposure would have been 240 months' imprisonment had he decided not to plead guilty and to instead proceed to trial, he would have been exposed to a sentence of imprisonment of 10 years to life under the indictment the Government agreed to dismiss in exchange for a guilty plea to the information. (*See* doc. 61-1 at ¶ 67; No. 3:18-CV-1849-N-BH, doc. 7 at 16.) In claiming that he would have proceeded

16

## V. EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court to resolve the factual disputes of his § 2255 motion. (*See* 3:18-CV-1849-N-BH, doc. 1 at 13; doc. 3 at 1, 12.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (citation omitted); *see Cervantes,* 132 F.3d at 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue.").

Here, Movant has produced his own affidavit in support of his § 2255 motion, which may constitute competent evidence sufficient, if believed, to establish that his counsel's performance was deficient regarding Movant's sentence exposure. (*See* No. 3:18-CV-1849-N-BH, doc. 4); *Reed*, 719 F.3d at 374 (concluding that the defendant's affidavit constituted competent evidence sufficient, if believed, to establish that counsel had made a prediction to him about his sentence if he accepted a plea). A court should not, however, "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). The contemporaneous record evidence conclusively shows that Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue under *Strickland* for the reasons discussed above. Movant has

---

to trial with his understanding that his maximum sentence of imprisonment was 20 years, Movant also ignores any additional sentencing exposure he might have faced if the Government had elected to pursue additional charges against him in anticipation of trial and he was convicted. (*See* No. 3:18-CV-1849-N-BH, doc. 7 at 8 n.3, 17.)

therefore failed to demonstrate he is entitled to an evidentiary hearing, and his request should be denied.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 17, 2018 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 13th day of May, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE